**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ONBE, INC., as successor in interest to<br>WIRECARD NORTH AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL COIN LOGISTICS, LLC,<br>STEVEN PAUL BAILEY, and<br>OLD GLORY BANK, as stakeholder,<br><br>Defendants. | Civil Action No. _______________<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. Onbe, Inc., as successor in interest to Wirecard North America, Inc. ("Onbe") brings this complaint against Global Coin Logistics, LLC ("Global Coin"), Steven Paul Bailey ("Bailey"), and Old Glory Bank, solely in its capacity as stakeholder ("Old Glory"), and states as follows.

## THE PARTIES

2. Onbe is a corporation with its principal place of business at 555 E. North Lane, Suite 5040, Conshohocken, Pennsylvania 19428. Onbe is the successor in interest to Wirecard North America, Inc. ("Wirecard").

3. Global Coin is a limited liability company organized under the laws of the Commonwealth of Kentucky. Global Coin is located at 131 Prosperous Place, Suite 18A, Lexington, Kentucky 40509.

4. On information and belief, each and all members of Global Coin are citizens of states other than Pennsylvania.

5. Bailey is an individual residing at 112 Belmar Lane, Nicholasville, Kentucky 40515. Bailey is the Chief Executive Officer and 95% owner of Global Coin.

6. Old Glory is an Oklahoma state-chartered bank with its corporate headquarters located in Elmore City, Oklahoma.

**JURISDICTION AND VENUE**

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. The Court has personal jurisdiction over Global Coin because [redacted], and because Global Coin transacted business with Onbe directed to its Pennsylvania headquarters and has sufficient minimum contacts with Pennsylvania such that the exercise of jurisdiction comports with due process.

9. The Court has personal jurisdiction over Bailey because [redacted]. Bailey also personally directed and participated in the unlawful and tortious conduct alleged herein and directed such conduct to Onbe in Pennsylvania.

10. This Court has personal jurisdiction over Old Glory in its capacity as stakeholder because it accepted a wire transfer [redacted] originating from Onbe's account in Pennsylvania which was directed to Old Glory's account for the benefit of Global Coin.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Onbe's transmission of funds from its Pennsylvania operations and Onbe's reliance on

Global Coin's representations at its Conshohocken, Pennsylvania headquarters. [redacted]

**FACTUAL BACKGROUND**

12. Onbe is an innovative fintech that specializes in the management and modernization of business-to-individual disbursements, helping its customers by transforming how organizations make business-to-individual disbursements at scale.

13. An aspect of Onbe's business involves supplying currency notes to ATM terminals aboard cruise ships.

14. As of April 12, 2019, Global Coin and Onbe's predecessor Wirecard entered into a Banknote Trading Agreement ("Agreement").

15. A true and correct copy of the Agreement is attached as **Exhibit A**.

16. [redacted]

17. [redacted]

18. On or about September 8, 2025, the U.S. Drug Enforcement Administration ("DEA") seized certain property belonging to Global Coin in San Diego, California, in a matter apparently unrelated to Global Coin's business with Onbe. The DEA issued a notice of seizure dated October 27, 2025.

19. On or about October 31, 2025, U.S. Customs and Border Protection ("CBP") seized property belonging to Global Coin at the Miami, Florida airport, likewise in a matter apparently

unrelated to Global Coin's business with Onbe, as reflected in a CBP notice of seizure (together with the DEA seizure described above, the "Seizures").

20. Upon information and belief, because of the Seizures, Global Coin lost access to some or all of its financial accounts.

21. Global Coin had actual knowledge of the Seizures and actively contested them. Global Coin filed petitions with the DEA and CBP seeking the return of the seized property. Apparently in response to the CBP Seizure, Global Coin sought a determination from the State of Florida that Global Coin did not qualify as a money transmitting business. Upon information and belief, Global Coin filed these petitions on or about November 2025 and January 2026—before [redacted]

22. [redacted]

23. The Seizures of certain of Global Coin's property, and the apparent freezing of Global Coin's financial accounts constituted, at a minimum, material circumstances that restricted Global Coin from fulfilling its obligations under the Agreement.

24. [redacted]

25. Yet, Global Coin did not make the required disclosures to Onbe.

26. Global Coin's failure to disclose the seizure constitutes, among other things, a breach of contract, including, without limitation, [redacted]

27. On February 26, 2026—unaware of Global Coin's inability to carry out its obligations under the Agreement because of Global Coin's concealment of its inability to do so and breach of contract—Onbe [redacted] to Global Coin's account at Old Glory [redacted]

28. [redacted] despite the fact that Global Coin—and Bailey personally—knew about the purported restrictions on Global Coin's financial accounts and its apparent inability to perform under the terms of the Agreement.

29. Global Coin and Bailey concealed material facts from Onbe, and in doing so, induced Onbe to place the [redacted]

30. If Global Coin had made accurate disclosures to Onbe, Onbe would not have placed the February 2026 order and would have immediately [redacted]

31. [redacted]

32. [redacted]

33. In March 2026, Onbe first learned about the Seizures and the restriction of Global Coin's business operations [redacted]

34. On or about March 20, 2026, representatives of Onbe and Global Coin met to discuss the serious situation that had arisen because of Global Coin's unlawful acts and omissions.

35. At that meeting, Global Coin asserted that it was not able to access the bank account to which it had induced Onbe to wire the funds.

36. Global Coin, through its counsel, promised Onbe that Onbe "will be made whole," and that Global Coin and Bailey would use "personal assets" to pay Onbe back if necessary.

37. Throughout these discussions, Bailey, on behalf of himself and his alter egos, acknowledged the debt to Onbe and affirmed his intent to repay Onbe, including by liquidating personal assets and real estate holdings. Global Coin offered to, and subsequently did, provide to Onbe a list of real properties owned or controlled by Bailey or Global Coin, including real property held of record in the name of Granite Bay Properties LLC, a Kentucky limited liability company controlled by Bailey.

38. Onbe has demanded return of [redacted] but Global Coin has not returned the funds.

39. On information and belief, Onbe's funds remain in Global Coin's account at Old Glory, or otherwise within the possession, custody, and control of Global Coin and Bailey.

40. Global Coin is no longer a viable vendor. Onbe has been required to source [redacted] at additional cost to Onbe.

41. Upon information and belief, Global Coin maintained multiple bank accounts at various financial institutions, and the disposition of Onbe's funds after receipt by Global Coin is not fully known to Onbe.

**COUNT I**
**BREACH OF CONTRACT**
**(against Global Coin)**

42. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

43. Global Coin and Onbe entered into the Agreement.

44. [redacted]

45. Onbe performed all conditions precedent, [redacted]

46. Global Coin breached the Agreement and the individual contract by: [redacted]

47. As a direct and proximate result, Onbe has been damaged in an amount not less than [redacted] plus consequential damages including the cost of procuring replacement services.

**COUNT II**
**BREACH OF EXPRESS REPRESENTATION AND WARRANTY**
**(against Global Coin)**

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. [redacted]

[redacted]

50. At the time Global Coin [redacted] Global Coin's [redacted] were false: Global Coin's property had been seized by the DEA and CBP on two occasions; Global Coin's ability to access its bank accounts and perform its obligations was materially impaired; and there were material circumstances in fact and law that restricted or prohibited Global Coin from fulfilling its obligations.

51. Global Coin's [redacted] were false.

52. As a direct and proximate result of Global Coin's breach of [redacted] plus consequential damages.

**COUNT III**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(against Global Coin)**

53. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

54. [redacted]

55. Global Coin breached [redacted]

56. Defendants' unlawful actions deprived Onbe [redacted]

57. As a direct and proximate result, [redacted] plus consequential damages.

**COUNT IV**
**CONVERSION**
**(against Global Coin and Bailey)**

58. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

59. [redacted]

60. [redacted]

61. [redacted]

62. Bailey personally participated in the conversion. Bailey, as CEO and 95% owner of Global Coin, personally directed the receipt of [redacted] from Onbe, personally knew of the Seizures, personally participated in the decision to conceal the Seizures from Onbe [redacted] and personally refused to return them to Onbe. An officer who personally participates in the tort of conversion is individually liable notwithstanding the corporate form.

63. Onbe demanded return [redacted]. Global Coin and Bailey have refused.

64. As a direct and proximate result, Onbe has been damaged in an amount not less than [redacted]

**COUNT V**
**UNJUST ENRICHMENT**
**(against Global Coin and Bailey)**

65. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Global Coin received [redacted] from Onbe.

67. Global Coin and Bailey were enriched by the receipt of [redacted] at Onbe's expense.

68. Global Coin failed to [redacted] to Onbe.

69. It would be against equity and good conscience to permit Global Coin and Bailey to [redacted]

70. This count is pleaded in the alternative to the breach of contract claims. To the extent the Agreement or the individual contract does not govern the disposition of the February 2026 payment, or to the extent there is a bona fide dispute about the scope of the Agreement, Global Coin and Bailey are liable to Onbe in quasi-contract.

**COUNT VI**
**FRAUD AND FRAUDULENT MISREPRESENTATION**
**(against Global Coin and Bailey)**

71. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

72. Global Coin and Bailey made the following false representations of material fact, or material omissions:

(a) [redacted] and

(b) Global Coin and Bailey failed to advise Onbe of the Seizures and of the fact that Global Coin's ability [redacted]

73. Global Coin and Bailey knew that the above-described statements, representations, and warranties were false when they made them.

74. Global Coin and Bailey knew that their above-described omissions were material at the time they made them.

75. Global Coin and Bailey made the above-described false statements and material omissions for the purpose of inducing Onbe to [redacted]

76. Onbe justifiably relied on Global Coin's and Bailey's representations and omissions in [redacted]

77. As a direct and proximate result, Onbe has been damaged in an amount not less than [redacted]

**COUNT VII**
**FRAUDULENT CONCEALMENT**
**(against Global Coin and Bailey)**

78. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Global Coin and Bailey had knowledge of material facts not known to and not reasonably discoverable by Onbe, namely, the Seizures and Global Coin's supposed loss of access to bank accounts.

80. Global Coin and Bailey had a duty to disclose these facts to Onbe when it induced Onbe [redacted]

81. Global Coin and Bailey deliberately concealed and suppressed these material facts with the intent to induce Onbe to [redacted]

82. Onbe justifiably relied on Global Coin's and Bailey's silence and non-disclosure.

83. As a direct and proximate result, Onbe has been damaged in an amount not less than [redacted]

**<u>COUNT VIII</u>**
**NEGLIGENT MISREPRESENTATION**
**(against Global Coin and Bailey)**

84. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

85. Global Coin and Bailey supplied information to Onbe, including, without limitation, [redacted] in the course of the parties' business relationship.

86. Global Coin and Bailey failed to exercise reasonable care in obtaining or communicating the information, including, without limitation, by failing to disclose the Seizures and material restrictions on Global Coin's ability [redacted]

87. Onbe reasonably relied on the information supplied by Global Coin and Bailey in transmitting the [redacted]

88. As a direct and proximate result, Onbe has been damaged in an amount not less than [redacted]

**<u>COUNT IX</u>**
**AIDING AND ABETTING CONVERSION AND FRAUD**
**(against Bailey)**

89. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

90. Global Coin committed conversion and fraud as set forth above.

91. Bailey had actual knowledge of the conversion and fraud.

92. Bailey provided substantial assistance to Global Coin's conversion and fraud by directing [redacted] despite knowledge of the Seizures, personally concealing the Seizures from Onbe, continuing to [redacted] and personally exercising unlawful control over Onbe's [redacted]

93. Bailey's conduct was not merely as an agent of Global Coin but reflected his personal participation and individual tortious acts.

**COUNT X**
**MONEY HAD AND RECEIVED**
**(against Global Coin and Bailey)**

94. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

95. Global Coin received [redacted] belonging to Onbe.

96. Global Coin and Bailey have benefited from the receipt of [redacted]

97. Under principles of equity and good conscience, neither Global Coin nor Bailey should be permitted to retain [redacted]

**COUNT XI**
**ALTER EGO / VEIL PIERCING**
**(against Bailey)**

98. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

99. Bailey is the 95% owner and CEO of Global Coin.

100. [redacted]

101. Bailey personally directs Global Coin's day-to-day operations.

102. Upon information and belief, Bailey has dominated and controlled Global Coin to such an extent that Global Coin has no independent will or existence of its own.

103. Included among the indicia of Bailey's domination of Global Coin are the facts that:

(a) Bailey holds 95% of Global Coin's membership interests;

(b) Bailey is the sole decision-maker;

(c) Upon information and belief, Bailey has commingled his personal funds with those of Global Coin;

(d) Upon information and belief, Bailey has used Global Coin's funds and assets for his personal benefit; and

(e) Upon information and belief, Global Coin has not observed corporate formalities adequate to maintain its separate existence.

104. Bailey used his domination of Global Coin to commit a wrong against Onbe, namely, to conceal the Seizures, to accept Onbe's [redacted] under false pretenses, and to unlawfully retain Onbe's [redacted]

105. Justice requires that the corporate veil be pierced and that Bailey be held personally liable for Global Coin's obligations to Onbe.

**<u>COUNT XII</u>**
**CONSTRUCTIVE TRUST**
**(against Global Coin, Bailey, and Old Glory as stakeholder)**

106. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

107. Global Coin made express and implied promises to Onbe that [redacted]. Global Coin's acceptance of each order constituted a promise to perform.

108. Onbe transferred [redacted] in reliance on those promises.

109. Global Coin breached those promises, resulting in unjust enrichment.

110. It would be unconscionable and against equity to allow Global Coin or Bailey to retain [redacted]

111. Onbe seeks the imposition of a constructive trust on the [redacted] in Global Coin's account at Old Glory, and on any assets acquired with or traceable to [redacted]

112. Old Glory is named solely as the custodian and stakeholder of the [redacted] and is a necessary party to effectuate the constructive trust.

**<u>COUNT XIII</u>**
**EQUITABLE LIEN**
**(against Global Coin, Bailey, and Old Glory as stakeholder)**

113. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

114. Onbe transmitted [redacted], creating an equitable interest in [redacted].

115. Global Coin failed to use [redacted] for the designated purpose and has retained them in its account at Old Glory.

116. Onbe is entitled to the imposition of an equitable lien on [redacted] in Global Coin's Old Glory account [redacted] to the extent of Onbe's claim.

**<u>COUNT XIV</u>**
**ACCOUNTING**
**(against Global Coin and Bailey)**

117. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

118. Global Coin received [redacted] from Onbe and was obligated to use [redacted]

119. Global Coin has failed to account for the disposition of [redacted]

120. On information and belief, Global Coin has commingled Onbe's [redacted] with Global Coin's own [redacted] may have used them for unauthorized purposes, and may have transferred them to Bailey or other entities.

121. Onbe is entitled to an accounting from Global Coin and Bailey of the disposition of [redacted].

**<u>COUNT XV</u>**
**DECLARATORY JUDGMENT**
**(against Global Coin)**

122. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

123. An actual controversy exists between Onbe and Global Coin as to [redacted].

124. Global Coin has suggested, through counsel, that its inability to [redacted] is related to government Seizures and investigations.

125. [redacted]

(a) In truth and in fact, the government Seizures did not prevent Global Coin from [redacted]

(b) To the extent Global Coin's difficulties were caused by the government's actions, those actions were precipitated by Global Coin's own conduct, and a party may not [redacted] where its own acts precipitated the event;

(c) [redacted]

(d) Global Coin's knowledge of the Seizures, concealment of the Seizures, and [redacted] after the Seizures demonstrates that Global Coin did not treat the government's actions [redacted] at the relevant time.

126. Onbe seeks a declaration pursuant to 28 U.S.C. §§ 2201-2202 that the [redacted]

**PRAYER FOR RELIEF**

WHEREFORE, Onbe respectfully requests that this Court enter judgment in its favor and against Global Coin and Bailey, and grant the following relief:

A. Compensatory damages against Global Coin and Bailey, jointly and severally, in [redacted] plus consequential damages;

B. Statutory pre-judgment interest;

C. Statutory post-judgment interest;

D. Attorneys' fees, costs, and expenses of this action, including without limitation [redacted]

E. Imposition of a constructive trust on [redacted] in Global Coin's account at Old Glory and on any assets of Global Coin or Bailey [redacted]

F. Imposition of an equitable lien on the [redacted]

G. An order directing Old Glory to deposit the disputed [redacted] in Global Coin's account into the registry of the Court pursuant to Fed. R. Civ. P. 67 and Local Civil Rule 67.1, to be held pending final adjudication;

H. A declaration that [redacted]

I. An accounting from Global Coin and Bailey of [redacted] received from Onbe;

J. Avoidance and recovery of any [redacted] and attachment of any transferred property to the extent permitted by law;

K. Piercing the corporate veil of Global Coin to hold Bailey personally liable for Global Coin's unlawful actions; and

L. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Kevin T. Saunders

Kevin T. Saunders, Esq.
Attorney ID No. 329393
NIXON PEABODY LLP
211 High Point Drive, Suite 110
Victor, New York 14564
Tel. (585) 263-1000
Email: ksaunders@nixonpeabody.com

Of counsel, *pro hac vice* motions forthcoming
Andrew C. Glass, Esq.
Gregory N. Blase, Esq.
NIXON PEABODY LLP
Exchange Place, 53 State Street
Boston, Massachusetts 02109
Tel. (617) 345-1000
Email: aglass@nixonpeabody.com
Email: gblase@nixonpeabody.com
***Counsel for Plaintiff***

Dated: November 4, 2026