IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONBE, INC. *AS SUCCESSOR IN INTEREST TO WIRECARD NORTH AMERICA, INC.* | : | CIVIL ACTION |
| v. | : | |
| GLOBAL COIN LOGISTICS, LLC, et al. | : | NO. 26-8449 |

MEMORANDUM

Bartle, J. November 12, 2026

This is a diversity action in which plaintiff has sued defendants for breach of contract and related wrongful conduct in order to recover funds transmitted to defendants for purchase of Euro banknotes that defendants never delivered. The defendants have not yet been served.

Before the court is the motion of plaintiff for leave to file portions of the complaint and an exhibit under seal. Currently, a redacted copy of the complaint appears on the public docket. The Clerk has temporarily placed under seal the unredacted complaint together with the parties' underlying agreement attached as an exhibit pending the court's resolution of the pending motion. The plaintiff asserts in support of the motion that the parties are sophisticated commercial entities which stipulated in their agreement to maintain its confidentiality.

The court has reviewed the unredacted complaint, the underlying agreement entitled Banknote Trading Agreement ("Agreement"), and the redacted complaint. With respect to confidentiality, the Agreement provides in section 10.4:

> Each party shall maintain and treat as confidential all information and documents exchanged concerning this agreement and arrangement, except that Wirecard [Onbe] may share such confidential information with its banking and operational partners as necessary to support the supplying of cash to ATMs.

The documents in question are judicial records as they have been filed with the court. Accordingly, there is a strong common law presumption of public access. In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662, 669-70, 672 (3d Cir. 2019). To overcome the presumption, the court must make findings as to the "compelling, countervailing interests to be protected." Id. at 672 (quoting In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001)). Consideration of the public interest in openness is the starting point. Id. at 677. Openness "promotes public confidence in the judicial system, diminishes possibilities for injustice, incompetence, perjury, and fraud," and "provides the public with a more complete understanding of the judicial system and a better perception of its fairness." Id. (citation modified).

Embarrassment in the commercial context, or bad business practices are not sufficient reasons to file under seal. On the other hand, trade secrets and harm to competitive standing may warrant protection from public disclosure. Id. at 679.

The complaint and its exhibit do not contain any trade secrets. The redacted information does not disclose anything which could affect competitive standing. Specific prices to be paid for the Euro banknotes or other services to be provided by defendants are not revealed in the Agreement but are subject to separate individual orders not on the record. No specific methods or ways of doing business are described. The amount of damages sought in the complaint, which plaintiff seeks to redact, says nothing about how the amount was calculated and exposes nothing of a confidential nature.

In sum, all that plaintiff relies upon in support of its motion to seal is that the parties agreed to keep their agreement confidential. This falls far short of what it takes to overcome the strong common law presumption of public access to judicial records.

The motion of the plaintiff for leave to file portions of the complaint and Exhibit A under seal will be denied. The Clerk shall forthwith unseal the complaint and the Agreement attached as Exhibit A.